UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>      Plaintiffs,<br><br>v.<br><br>VIEN PHUONG HO,<br><br>      Defendant. | Case No. 2:24-cv-04721-SB-KS<br><br><br>ORDER REMANDING CASE |

      Plaintiff HSBC Bank USA, National Association filed an unlawful detainer action in state court. Dkt. No. 1. Alfred McZeal, Jr, proceeding pro se, removed the case to this Court under 28 U.S.C. § 1441(a), asserting federal-question and diversity jurisdiction.[1] *Id.*

      Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists" and may sua sponte consider whether a defendant has properly removed based on federal question jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also OWB, REO, LLC v. Negrete*, 11-CV-1377, 2011 WL 1667916, at *1 (N.D. Cal. May 3, 2011) (remanding an unlawful detainer case upon review of an IFP application because the complaint lacked federal question jurisdiction). Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction."

      District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[1] Alfred McZeal, Jr. is not a named defendant in the unlawful detainer action, and he has not otherwise demonstrated in his removal papers that he has standing to remove this case. Nevertheless, the Court addresses the asserted basis for federal jurisdiction in the text following this footnote.

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983). It is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

District courts also have original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A claim for unlawful detainer—the sole claim alleged in Plaintiff's complaint—is insufficient to invoke federal question jurisdiction. *Wachovia Mortg., FSB v. Rabb*, 2:15-CV-03903-ODW, 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (collecting cases). Defendant argues that Plaintiff's "stealth foreclosure" raises constitutional violations. Dkt. No. 1 at 9–11. But the Court looks only to the claims actually pleaded in the complaint to determine jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("In determining federal question jurisdiction, the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law.") (cleaned up). The complaint, on its face, raises no federal claims.

Defendant also asserts that diversity jurisdiction exists. Even if the parties are diverse as alleged, the amount in controversy is not met. Plaintiff filed this matter as a limited case "not to exceed $10,000" in damages. Dkt. No. 1 at 19 of 24. Thus, the amount in controversy falls short of the $75,001 jurisdictional threshold. *See Ward v. Hernandez*, No. 13-CV-00383-JGB, 2013 WL 3934009, at *3 (C.D. Cal. July 26, 2013) (finding that the amount in controversy for a diversity case was not met in an unlawful detainer action that was filed in state court as a limited civil case).

The case is REMANDED forthwith to the Los Angeles County Superior Court.

Date: June 18, 2024

_____
    Stanley Blumenfeld, Jr.
    United States District Judge